UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLOS A. McGREW (#413135)                                             CIVIL ACTION

VERSUS

CITY OF ANGOLA, ET AL.                                                 NO. 10-0591-RET-DLD

**O R D E R**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the City of Angola, the Parish of West Feliciana, Warden N. Burl Cain, Warden Cathy Fontenot, the Angola Chaplain's Department, Sgt. Wilson, Sgt. Page and Sgt. Gibbs, complaining that the defendants have violated his constitutional rights by interfering with the practice of his religious beliefs. Pursuant to earlier motion in this case, rec.doc.no. 2, the plaintiff sought leave to proceed in forma pauperis without prepayment of fees and costs. This motion was granted by the Court on September 27, 2010, and the plaintiff was allowed to so proceed. See rec.doc.no. 7.

The rules applicable to the granting by courts of in forma pauperis status to inmates in cases challenging the conditions of their confinement make clear that the plaintiff is no longer entitled to proceed as a pauper in this case. These rules, set forth in 28 U.S.C. § 1915, provide, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals examined the effect of the amended statute and concluded that any civil action or appeal dismissed as frivolous, malicious or for failure to state a claim, even if filed or entered prior to the effective date of the statute, shall be considered as within the ambit of the "three strikes" provision of § 1915(g). In addition,

Adepegba instructs that this Court shall revoke the prior grant of pauper status to inmates who subsequently "strike out" and shall require that these inmates pay the Court's filing fee or face dismissal of their pending actions.

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim.[1]  Accordingly, the Court concludes that the plaintiff is now barred from proceeding in forma pauperis in this case and that he is required to pay the full amount of the Court's filing fee.[2]  Therefore;

**IT IS ORDERED** that the Order of this Court dated September 27, 2010, rec.doc.no. 7, pursuant to which the plaintiff was granted in forma pauperis status in the above-captioned proceeding, be and it is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed in forma pauperis herein, rec.doc.no. 2, be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff is granted thirty (30) days from the date of this Order within which to pay $350.00, the full amount of the Court's filing fee.  Failure to pay the filing fee within 30 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on January 10, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1]  Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, Carlos McGrew v. Richard Stalder, et al., Civil Action No. 00-0727-RET (M.D. La.), Carlos McGrew v. Dr. Jonathan Roundtree, et al., Civil Action No. 09-0859-RET (M.D. La.) (appeal dismissed as frivolous), and Carlos McGrew v. Warden Nathan Burl Cain, et al., Civil Action No. 09-1019-JVP (M.D. La.) (appeal dismissed as frivolous).

[2]  The allegations of the plaintiff's Complaint do not fall within the exception to the statute.